IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:12-899-CMC |
| v. | |
| Jack Richardson Wyatt, | **Opinion and Order** |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. ECF No. 64. The Government filed a response in opposition. ECF No. 72. This matter is now ripe for resolution.

**I.    Background**

On November 20, 2012, Defendant was indicted for one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). ECF No. 2. On April 2, 2013, the Government filed an Information, charging the Defendant with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF No. 37. On April 4, 2013, Defendant entered into an amended written plea agreement to plead guilty to count 1 of the Information. ECF No. 43. As a part of the plea agreement, Defendant waived his direct appeal rights and his right to file a motion for relief under § 2255 except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct. The same day, Defendant appeared before the court and after a thorough Rule 11 hearing (which Defendant does not challenge), entered a guilty plea to the count charged in the Information. ECF No. 42.

A Pre-Sentence Report (PSR) assessed five separate increases in Defendant's base offense level pursuant to U.S.S.G. § 2G2.2 based on the quantity and characteristics of the pornography possessed. *See* ECF No. 51, PSR ¶¶ 59-64. Defendant objected to all of these enhancements as punishing him for "behavior that is no longer out of the ordinary" as the guideline enhancements serve to "artificially inflate his guideline range with offense characteristics that appear in nearly all contemporary child pornography cases." Addendum to PSR, ECF No. 51-2. In response, the Probation Officer declined to amend the PSR. Defendant's guideline range was calculated as 135-168 months; however, due to the statutory maximum, the guideline range became 120 months.

Defendant filed a motion to vary from the guideline range to a probationary sentence based on the § 3553(a) factors. ECF No. 52. This motion contained similar arguments regarding the enhancements. At sentencing, the court granted in part the motion to vary from the guideline range and sentenced Defendant to 70 months imprisonment and a lifetime term of supervised release. ECF No. 59. The Government objected to the variance. Defendant did not appeal his conviction or sentence.

**II.**     ***Johnson* and *Welch***

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson v. United States*, 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those in the enumerated or force clauses. The residual clause can no longer support a defendant's classification as an armed career criminal.

2

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), which held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

## III.    Discussion

Defendant argues that he should be granted relief because both the statute under which he was convicted and the guideline enhancements applied should be invalidated under the vagueness doctrine explained in *Johnson*. ECF No. 64. Defendant's argument fails.

First, *Johnson* and its progeny have no effect on the statute or enhancements for possessing child pornography. As discussed above, *Johnson* serves to invalidate a portion of the definition of "violent felony" in the ACCA. While Defendant is correct that some courts have applied *Johnson's* reasoning beyond the ACCA, for example to the residual clause of the career offender portion of the sentencing guidelines or to the residual clause in § 924(c), there is simply no like reasoning that would invalidate the statute under which Defendant was convicted or the specific guideline enhancements applied to his case. Defendant fails to point to authority applying *Johnson* to this statute or any of the enhancements at issue, or to explain how the vagueness doctrine affects them. Neither the statute nor the guideline enhancements contain a residual clause that could be held unconstitutionally vague; instead, they clearly lay out which actions are criminalized by the statute or subject to enhancement under the guidelines. Therefore, *Johnson* cannot serve to invalidate the sentence received by Defendant.

Second, Defendant's motion is untimely. A 1-year period of limitation applies to motions under § 2255.

The limitation period shall run from the latest of--

3

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3). Timeliness under § 2255(f)(3) depends on whether *Johnson* applied to Defendant's conviction. If *Johnson*, made retroactive by *Welch*, applied, then Defendant could utilize the statute of limitations in § 2255(f)(3). However, if *Johnson* did not apply to Defendant's conviction, then his § 2255 motion is untimely, as it was filed over a year after his conviction became final. The court has determined that Defendant does not have a valid *Johnson* claim because the *Johnson* decision did not impact the statute under which he was convicted or the enhancements he received. Therefore, his motion under § 2255 is untimely, as it does not meet the requirements of § 2255(f)(3).[1]

Finally, the Government raised issues of procedural default and waiver in its opposition to Defendant's motion. A determination that *Johnson* did not apply to Defendant's sentence is dispositive of Defendant's motion; therefore, the court declines to address these additional arguments.

---

[1] Even if § 2255(f)(3) applied, the court finds that Defendant failed to file his motion within the year after the *Johnson* decision was announced. Although Defendant recognized that his § 2255 motion must have been filed within one year of *Johnson* in his motion, and the motion was signed on June 26, 2016, the motion was postmarked on August 22, 2016, and the court did not receive it until August 24, 2016. This is well past the one year period allowed in § 2255(f)(3), even taking into account the additional days allotted to prisoners pursuant to *Houston v. Lack*, 478 U.S. 266 (1988).

4

**IV.    Conclusion**

Defendant's challenge to his sentence fails because the *Johnson* reasoning does not apply to his statute of conviction or guideline sentencing enhancements.  In addition, Defendant's motion is untimely.  Accordingly, Defendant's § 2255 motion is hereby **denied**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 24, 2016